## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6023-AG (JCR) | Date | June 27, 2008 |
|---|---|---|---|
| Title | TERRY L. NEWMAN v. TOMMY FELKER | | |

| Present: The Honorable | yJOHN C. RAYBURN, JR., U.S. MAGISTRATE JUDGE | |
|---|---|---|
| Debra Taylor | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE

### I.   INTRODUCTION

On September 17, 2007, Terry L. Newman ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). In the Petition, Petitioner raises three claims: (1) violation of Petitioner's due process rights because the prosecution relied on an invalid legal theory to prove the charge of mayhem; (2) violation of Petitioner's due process rights to a fair trial because the trial court allowed the prosecution to exhibit a severely disabled victim in the front row of the courtroom; and (3) denial of Petitioner's right to effective assistance of counsel when trial counsel failed to object to irrelevant and prejudicial evidence that Petitioner was a drug dealer. (*See* Pet. at 6, 6a, 6b.)

### II.   PROCEDURAL HISTORY

In 2005, a jury found Petitioner guilty of two counts of attempted murder, one count of possession of a firearm by a felon, and one count of mayhem. (Lodgment 1.) The jury also found true allegations of personal use of a firearm. (*Id.*) Petitioner was sentenced to twenty-nine years and four months in state prison. (*Id.*) On May 17, 2006, the California Court of Appeal affirmed the judgment in its entirety. (Lodgment 2.) On August 30, 2006, the California Supreme Court denied Petitioner's Petition for Review. (Lodgment 3, 4.) No habeas petitions were filed by Petitioner in state court with respect to this judgment. (Pet. at 4.)

On September 17, 2007, Petitioner filed the instant Petition. On November 26, 2007, Tommy Felker ("Respondent") filed a Motion to Dismiss asserting that one of Petitioner's three claims was unexhausted. On December 24, 2007, Petitioner filed a "Motion to Amend Prayer for Relief of Habeas Corpus Petition," which the Court construed as a Motion to Stay and Abey the current proceedings. On April 16, 2008, this Court ordered Respondent to file a response to the Motion to Stay. On May 5,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6023-AG (JCR) | Date | June 27, 2008 |
|---|---|---|---|
| Title | **TERRY L. NEWMAN v. TOMMY FELKER** | | |

2008, Respondent filed an Opposition to Petitioner's Motion to Stay ("Opposition").

**III.    DISCUSSION**

    **A.    The Rhines v. Weber Analysis**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277; *see also Jackson v. Roe*, 425 F.3d 654, 660-61 (9th Cir. 2005). The Supreme Court further held in *Rhines* that, even if the petitioner had good cause for his failure to exhaust his claims first in state court, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. A stay also is inappropriate if the petitioner engages in abusive litigation tactics or intentional delay. *Id.*

In *Rhines*, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. In *Jackson*, the Ninth Circuit held that this "good cause" standard is less stringent than the "extraordinary circumstances" standard applicable to claims of equitable tolling of the habeas statute of limitations. *Jackson*, 425 F.3d at 661-62. A number of courts have analogized the "good cause" required by *Rhines* to the "cause" needed to overcome a procedural default. *See Johnson v. Sullivan*, No. CV04-7923, 2006 WL 37037, at *3 (C.D. Cal. Jan. 4, 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206-07 (C.D. Cal. 2005); *see also Carter v. Friel*, 415 F. Supp. 2d 1314, 1319-20 (D. Utah 2006).

Although the Ninth Circuit in *Jackson* rejected an analogy to the "extraordinary circumstances" test applicable to equitable tolling, the Ninth Circuit did not address the possible analogy to the "cause" standard applicable in procedural default cases. *See Jackson*, 425 F.3d at 661-62. An analogy between the "cause" required to excuse a procedural default and the "good cause" required under *Rhines* is a logical analogy. In determining "cause" and "good cause," the relevant inquiry is the same: the petitioner's justification for failing to properly present claims in state court before attempting to present the claims in federal court.

    **1.    Good Cause and Intentional Delay**

Respondent contends that Petitioner has not demonstrated good cause for failing to exhaust Petitioner's second claim ("Ground Two") in state court before proceeding in this Court. Since the California Supreme Court denied Petitioner's Petition for Review on August 30, 2006, and his judgment of conviction became final ninety days later, on November 28, 2006, he had until November 28, 2007, "to file his federal petition or return to state court and toll time by filing a state collateral petition." (Opp'n at 5); *see also Bowen v. Roe*, 180 F.3d 1157, 1158-59 (9th Cir. 1999); *Barefoot v. Estelle*, 463 U.S. 880, 87 (1983). Yet, rather than collaterally attacking his conviction in state court, Petitioner opted to file the present unexhausted federal Petition. (*Id.*) In Petitioner's Motion to Stay, Petitioner fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6023-AG (JCR) | Date | June 27, 2008 |
|---|---|---|---|
| Title | TERRY L. NEWMAN v. TOMMY FELKER | | |

cite any reason for his failure to exhaust claims in state court before proceeding in federal court.

Accordingly, this Court finds that Petitioner has not demonstrated good cause for failing to previously exhaust Ground Two in state court. However, even if Petitioner showed good cause for failing to exhaust, a stay cannot be granted given that Ground Two is "plainly meritless," as discussed below.

### 2. Merits of Petitioner's Claim

This Court finds that Petitioner's unexhausted Ground Two is "plainly meritless." In Ground Two, Petitioner argues that his due process rights to a fair trial was violated under *Bruton v. United States*, 391 U.S. 123 (1968), when the trial court allowed the prosecution to exhibit a severely disabled victim in the front row of the courtroom "to be pointed out and observed by the jurors." (Pet. at 6a.)

Respondent argues that *Bruton* does not apply since allowing the prosecution to point out the victim's presence in the courtroom did not involve a statement by a non-testifying co-defendant, as was the case in *Bruton*. (Opp'n at 6.) The Court agrees. In *Bruton*, the Supreme Court held that any statement made by a non-testifying co-defendant violated the Confrontation Clause when that *statement* was "powerfully incriminating." *Bruton*, 391 U.S. at 135. Because there was clearly no *Bruton* error in this case, the Court finds Ground Two to be plainly meritless. Accordingly, a stay will not be granted to Petitioner.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Stay is DENIED.

**IT IS SO ORDERED**.

Initials of Deputy Clerk    dts